IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00033-PSF-BNB

JAY MACTAS,

      Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA,

      Defendant.

---

## ORDER ON PLAINTIFF'S MOTION TO STRIKE EXHIBITS

---

      This matter comes before the Court on plaintiff's Motion to Strike exhibits attached to defendant's brief, to allow further discovery of defendant's claims manual, and to hold a "forthwith" hearing on the requests (Dkt. 35), filed July 20, 2007. Defendant filed an opposition to the motion on August 17, 2007 (Dkt. # 40) and plaintiff filed his reply on August 27, 2007 (Dkt. # 41). For the reasons set forth below, the motion is denied.

      Plaintiff seeks to strike Exhibits A, B, C and D which were filed by defendant along with its motion for judgment on the record filed July 18, 2007 (Dkt. # 30). Plaintiff simultaneously filed his motion for judgment on the record, and may not have had the opportunity to fully address the defendants' arguments relating to these exhibits. On July 20, 2007, plaintiff filed the instant motion to strike the exhibits. Essentially, plaintiff argues that these four exhibits were not part of the administrative record considered by defendant when it made its July 5, 2006 determination on plaintiff's disability claim, and

therefore they should not be considered by this Court in its *de novo* review of that administrative decision.

Exhibit A appears to be a page from defendant's claims manual discussing treatment of a claimant's "partial earnings."  Exhibit B is a copy of a disability policy issued by defendant to a different insured which is stated by defendant to be the disability policy interpreted in the decision by the court in *Riddell v. UNUM Life Insurance Company of America*, 457 F.3d 861 (8th Cir. 2006).  Exhibits C and D are demonstrative charts prepared by defendant comparing the interpretation of the policy in *Riddell* with the interpretation made by defendant of the policy issued to plaintiff's employer in this case.

The Court notes that defendant's letter of July 5, 2006 apparently quotes language from the partial earnings document in reaching its interpretation of the plaintiff's policy.  Plaintiff argues in his motion for judgment on the record that the defendant's application of the partial earnings language is not consistent with the disability policy provisions (Plaintiff's Motion for Judgment at 8-9).  Defendant appears to argue that its interpretation of the partial earnings provisions of the disability policy is consistent (Defendant's Motion for Judgment 17-18).  Whether or not the copy of the partial earnings document is attached to defendant's brief, this Court will independently have to determine whether the interpretation of the disability policy reached by defendant in its July 5, 2006 letter, to the extent it relied on the "partial earnings" language, is a correct application of the policy.  Thus, there is no reason to "strike" the exhibit, nor is any further discovery required.

Exhibits B, C and D are perceived to be merely demonstrative exhibits tendered to illustrate defendant's argument that this Court should reach the same result as that reached in the *Riddell* case.  Whether or not the three exhibits are attached to defendant's brief, this Court will make an independent determination of whether the *Riddell* decision is applicable here.

Accordingly, whether or not these four documents were part of the administrative record, the Court will give the exhibits such weight or consideration as they may deserve, if any, when it conducts its *de novo* review of the defendant's decision on plaintiff's disability claim.

On August 10, 2007, this Court entered its Order permitting the parties until three weeks from the date of ruling on plaintiff's motion to strike to submit response briefs to their respective motions for judgment on the record (Dkt. # 39).  Having now ruled on the motion, the response briefs are due on December 10, 2007.  The plaintiff may respond to the defendant's arguments regarding the four exhibits in his response brief.

Accordingly, the plaintiff's motion to strike and request for forthwith hearing (Dkt. # 35) is DENIED in all respects.

DATED:  November 16, 2007

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge